Receipt number AUSFCC-7242710

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MEGAHOMES ACQUISITIONS, LLC, CYNTHIA G. MEYN and SONDRA A. RILEY on behalf of themselves and others similarly situated.<br><br>Plaintiff,<br><br>v<br><br>UNITED STATES OF AMERICA and CENTERS FOR DISEASE CONTROL AND PREVENTION,<br><br>Defendants. | Hon.<br><br>Case No.  21-1669 L<br><br>**CLASS ACTION** |

## CLASS ACTION COMPLAINT

NOW COMES Megahomes Acquisition LLC, (hereinafter "Megahomes"), Cynthia G. Meyn ("Meyn") and Sondra A. Riley ("Riley") by and through their attorneys, Mark K. Wasvary, P.C. and Law Offices of Aaron D. Cox, PLLC, and for this Class Action complaint states as follows.

### INTRODUCTION

1. This action is brought to address taking of private property by the United States Government through the Centers of Disease Control and Prevention, (hereinafter "CDC"), without just compensation.

2. On August 8, 2020, then President Donald Trump issued an "Executive Order on Fighting the Spread of COVID-19 by Providing Assistance to Renters and Homeowners." Among other things, the Executive Order directed the Secretary of Health and Human Services and the Director of the CDC to consider whether a moratorium on evictions would help stem the spread of COVID-19.

3. The result was that an Order was issued by the CDC that took effect on September 4, 2020. *85 Fed. Reg 55292*. The Order imposed a nationwide ban of evictions on certain tenants until at least December 31, 2020, "unless modified or extended."

4. Congress did not authorize the CDC to impose such a moratorium in the Health Services Act, the law from which the CDC purports to derive the authority for the moratorium.

5. Congress extended the CDC moratorium from December 31, 2020, to January 31, 2021, through the Consolidated Appropriations Act, *Pub. L. 116-260, Sec 502, 134 stat.1182* (2020).

6. On January 29, 2021, just before the statutory extension lapsed, the CDC Director issued a new directive extending the Order through March 31, 2021. *86 Fed. Reg. 8020.*

7. On March 28, 2021 the CDC again extended the Order through June 30, 2021. *86 Fed. Reg. 16731.*

8. On June 28, 2021 the CDC again extended the Order through July 31, 2021. *86 Fed. Reg. 34010.*

9. The CDC Order did expire on July 31, 2021.

10. On August 3, 2021 the CDC again extended the Order through October 3, 2021.

10. The CDC Order constitutes a compensable taking of Plaintiffs' property and property rights without just compensation, in violation of the Fifth Amendment of the United States Constitution. Specifically, the CDC Order constitutes a physical taking because it has affected a Government-authorized physical invasion, occupation, or appropriation of Plaintiffs' private property, for the Government itself or for third parties. The Constitution requires just compensation for the taking.

11. Alternatively, the CDC Order constitutes an illegal exaction because the CDC exceeded and contravened its statutory and regulatory authority and as a direct result exacted Plaintiffs' private property and property interests, for which Plaintiffs are entitled to recover.

12. Plaintiffs seek just compensation for the deprivation of their property rights and the value of the property taken or illegally exacted by the Government. This includes the amount of rental income Plaintiffs would have received in the

absence of the physical occupation and taking or exaction of their property and property rights under and as a direct result of the CDC Order.

13. The restriction on landlords across the country is a taking of private property by the government without just compensation in violation of the 5th and 14th Amendments of the United States Constitution.

## JURISDICTION AND VENUE

14. This Court has authority over this action pursuant to 28 USC § 1491.

## PARTIES

15. Plaintiff Megahomes Acquisition, LLC is a Delaware Limited Liability Company and is authorized to transact business in the State of Michigan.

16. Megahomes is the owner of real property located at 20732 Vermander Ave, Clinton Twp, Michigan. ("Vermander property")

17. The CDC Order prevented Megahomes from evicting nonpaying tenants from the Vermander home which resulted in financial loss to Megahomes.

18. Plaintiffs Meyn and Riley are individuals living in the state of Michigan and the owners of real property located at 47733 Vistas Circle North, Canton, Michigan.

19. The CDC Order prevented Meyn and Riley from evicting nonpaying tenants from the Vistas Circle address, which resulted in financial loss.

20. Defendant United States of America is the Government of the United States, organized under the Constitution of the United States, and includes without limitation the CDC, which is a Government agency located within one of the major operating components of the U.S. Department of Health and Human Services (HHS), together with it agents acting at its direction.

## FACTUAL ALLEGATIONS

21. Plaintiff incorporates the preceding paragraphs as if more fully set forth herein.

22. The CDC Order directs that "a landlord, owner of a residential property, or other person with a legal right to pursue eviction or possessory action, shall not evict any covered person from any residential property in any jurisdiction to which this Order applies during the effective period of this Order." *85 Fed. Reg 55292, at 55293.*

23. The CDC Order defines "evict" to mean "any action by a landlord, owner of a residential property, or other person with a legal right to pursue eviction or a possessory action, to remove or cause the removal of a covered person from a residential property." *Id. at 55293.*

24. The CDC Order defines "residential property" to mean "any property leased for residential purposes, including any house, building, mobile home or land in a mobile home park, or similar dwelling leased for residential purposes, but shall

5

not include any hotel, motel, or other guest house rented to a temporary guest or seasonal tenant as defined under the laws of the State, territorial, tribal, or local jurisdiction." *Id.*

25.     The CDC Order defines "covered persons" as "any tenant, lessee, or resident of a residential property who provides to their landlord, the owner of the residential property, or other person with a legal right to pursue eviction or a possessory action, a declaration under penalty of perjury indicating that: (1) [t]he individual has used best efforts to obtain all available government assistance for rent or housing; (2) [t]he individual either (i) expects to earn no more than $99,000 in annual income for Calendar Year 2020 (or no more than $198,000 if filing a joint tax return), (ii) was not required to report any income in 2019 to the U.S. Internal Revenue Service, or (iii) received an Economic Impact Payment (stimulus check) pursuant to Section 2201 of the CARES Act; (3) the individual is unable to pay the full rent or make a full housing payment due to substantial loss of household income, loss of compensable hours of work or wages, a lay-off, or extraordinary out-of-pocket medical expenses; (4) the individual is using best efforts to make timely partial payments that are as close to the full payment as the individual's circumstances may permit, taking into account other nondiscretionary expenses; and (5) eviction would likely render the individual homeless—or force the individual to move into and live in close quarters in a new congregate or shared living setting—

because the individual has no other available housing options." *Id.* A form of declaration was attached to the CDC Order.

26. Under the CDC Order, a covered person who supplies the form of declaration may not be "evicted or removed from where they are living" while the CDC Order is effective. *Id. at 55292.*

27. Furthermore, the CDC Order imposes harsh penalties for violations of the CDC Order. Specifically, the CDC Order provides that "a person violating this Order may be subject to a fine of no more than $100,000 if the violation does not result in a death or one year in jail, or both, or a fine of no more than $250,000 if the violation results in a death or one year in jail, or both, or as otherwise provided by law" and that "[a]n organization violating this Order may be subject to a fine of no more than $200,000 per event if the violation does not result in a death or $500,000 per event if the violation results in a death or as otherwise provided by law." *Id. at 55296.* The CDC Order further authorizes the U.S. Department of Justice to "initiate criminal proceedings as appropriate seeking imposition of these criminal penalties." *Id.* These harsh civil and criminal penalties effectively compel property owners to accept the representations of tenants about qualifying under the CDC Order, even if apparently untruthful, to avoid the serious consequences that could result from pursuing an eviction that ultimately could be found to violate the CDC Order.

7

28. Additionally, the CDC Order specifies that the CDC Order "shall be enforced by Federal authorities and cooperating State and local authorities through the provisions of 18 U.S.C. 3559, 3571; 42 U.S.C. 243, 268, 271; and 42 CFR 70.18." *Id. at 55296*.

29. While the CDC Order does not technically relieve a tenant from the legal and contractual obligation to pay rent, as a practical matter, a property owner has little ability to recoup past due rent from a tenant with little money, or a tenant that simply moves out at the end of the moratorium, after occupying the property for months, free of charge.

30. The result of the CDC Order is to keep a property owner from re-leasing the property to a new tenant, or from even selling the private property as no reasonable person would purchase a property with occupants that are not obligated to pay rent.

31. The CDC order is a Government-authorized invasion, occupation, or appropriation of the property owners' property, contrary to their constitutional rights, and has resulted in a deprivation of property rights including the fundamental right to exclude as well as contract rights including the contractual and legal right of eviction.

32. Plaintiff Megahomes is the property owner of the Vermander property which is occupied by tenants that have failed to pay thousands of dollars in rent.

Case 1:21-cv-01669-LAS  Document 1  Filed 08/06/21  Page 9 of 19

33. As result, Megahomes, though its managing agent, filed a Landlord Tenant action in the 41B Judicial District Court in Clinton Township, Michigan.

34. On March 4, 2021, a Judgment of Possession entered in favor of Megahomes through its agent providing that if the occupants did not pay $5,943.04 in full by March 31, 2021, an order evicting the occupants and dispossessing them from the property may issue. (See Judgment, **Exhibit A**).

35. The occupants of the Vermander property failed to pay the judgment in full and Megahomes, through its agent, filed for an Order of Eviction to regain possession of the Vermander property on or about April 22, 2021.

36. After the Order of Eviction was filed with the Court, the occupants of the Vermander property executed a declaration under the CDC Order which prevented Megahomes from taking back its private property as allowed contractually and under state law.

37. The occupants remain in the Vermander property as of the filing of this lawsuit.

38. Plaintiffs Meyn and Riley are the owners of the Vistas Circle property which is occupied by tenants that owe thousands of dollars in rent.

39. As result, Meyn and Riley, though their managing agent, filed a Landlord Tenant action in the 35th Judicial District Court in Plymouth, Michigan.

9

40. On September 22, 2020 the occupants of the Vistas Circle property signed a Declaration seeking protection under the CDC Order. (See **Exhibit B**).

41. On October 6, 2020 a Conditional Dismissal entered in the 35th District Court wherein the tenants agreed to pay $15,290 by October 29, 2020 or move out. (See **Exhibit C**).

42. On or about November 13, 2020 an Order for Reinstatement and Entry of Judgment against the tenants was entered, as well as an Order of Eviction. (See **Exhibit D**).

43. The tenants of the Vistas Circle home failed to pay in full or move out, however Meyn and Riley were unable to take back possession of the property due to the Declaration filed pursuant to the CDC Order.

44. The occupants finally moved out of the property in June of 2021, but without payment in full.

## COUNT I – TAKING WITHOUTH JUST COMPENSATION

45. Plaintiffs reallege and incorporate all allegations in the preceding paragraphs as though fully set forth herein.

46. The Takings Clause of the Fifth Amendment to the United States Constitution provides that no "private property [shall] be taken for public use, without just compensation." U.S. Const. amend. V. The Fifth Amendment protects

property owners from, and requires just compensation for physical takings, whether permanent or temporary.

47. Regardless of the goal, the CDC Order is a taking that requires compensation.

48. Plaintiffs have valid, protected, and legally cognizable property interests and property rights in the rental properties they own and in the leases and other contracts associated with those rental properties, including without limitation rights to exclude non-rent paying persons from their properties, to not permit the unwanted occupation of their properties, to recover possession of their property from unwanted occupation, to enforce their leases and contracts associated with their properties, and to lease such properties to rent-paying persons, including so that they can enjoy the full value of their property and to maintain a consistent stream of rent.

49. The CDC Order constitutes a taking of Plaintiffs' private property and property rights for public use without just compensation, in violation of the Fifth Amendment.

50. Specifically, the CDC Order constitutes a compensable physical taking because it has affected a Government-authorized physical invasion, occupation, or appropriation of Plaintiffs' private property, for the Government itself or for third parties.

51. The Constitution requires just compensation for the taking.

52. The Government has not provided just compensation for the taking of Plaintiffs' property and property rights.

53. Plaintiffs are entitled to full and just compensation for the Government's taking of their property and property rights, including the fair rental value of the property taken. Specifically, and without limitation, Plaintiffs are entitled to recover from the Government as just compensation the amount of rental income Plaintiffs would have received had they been able to lease their property, which is currently occupied under the CDC Order and over their objection by delinquent or non-rent paying individuals, to rent-paying persons at reasonable fair market rents.

54. As a result of the Government's actions, Plaintiffs have actually, directly, and proximately been caused by the Government and have suffered harm, injury, and damages, and are entitled to recovery against the Government in an amount to be proven at trial.

### COUNT II – ILLEGAL EXACTION

55. Plaintiffs reallege and incorporate all allegations in the preceding paragraphs as though fully set forth herein.

56. In the alternative, the CDC Order constitutes an illegal exaction because the CDC exceeded and contravened its statutory and regulatory authority under Section 361 of the Public Health Service Act (42 U.S.C. § 264). Numerous courts

that have reviewed the legality of the CDC Order have concluded that it was unlawful. By, through and as a direct result of the Government's illegal action or improper application of law, the Government has exacted Plaintiffs' private property and property interests. The CDC Order has enriched the Government at Plaintiffs' expense, directly or in effect, by illegally imposing costs and expenses on Plaintiffs that Plaintiffs should not have to bear and that the Government otherwise would bear, including without limitation the cost of housing delinquent or non-rent paying individuals. The Government's actions have had a direct and substantial impact on Plaintiffs and the exaction occurred as a direct result of the unlawful government action.

57. Plaintiffs are entitled to recover for the Government's exaction of their property and property rights. Specifically, and without limitation, Plaintiffs are entitled to recover from the Government the amount of rental income Plaintiffs would have received had they been able to lease their property, which is currently occupied under the CDC Order and over their objection by delinquent or non-rent paying individuals, to rent-paying persons at reasonable fair market rents.

58. As a result of the Government's actions, Plaintiffs have actually, directly, and proximately been caused by the Government and have suffered harm, injury, and damages, and are entitled to recovery against the Government in an amount to be proven at trial.

## CLASS ACTION ALLEGATIONS

59. Plaintiffs incorporate the preceding paragraphs as if more fully set forth herein.

60. Plaintiffs and putative class members have suffered and continue to suffer similar harm due to having their property taken by the Government without just compensation.

61. <u>Class Definition.</u> Plaintiffs seek to certify the following class:

> All persons and entities who currently own or at one time owned any residential real property in the United States, for rent and occupied by occupants that filed a declaration pursuant to the CDC Order and that owner was not entirely compensated during the period of September 4, 2020 to the date of final judgment in this matter;

62. <u>Numerosity.</u> The proposed classes are so numerous that joinder of all members is impracticable. While the exact number of class members is not now known, Plaintiffs believe the class number is in excess of 1,000 members. These members may be readily identified from State court records.

63. <u>Commonality.</u> There are questions of law or fact common to the members of the class that predominate over questions affecting only individual members.

64. Among the questions of law or fact common to the class are the following:

14

    a)    Did the CDC commit an illegal exaction when it issued an Order without authority supported by law?

    b)    Did the CDC commit a taking without just compensation in violation of the United States Constitution?

<u>Typicality.</u> The harm suffered by Plaintiff is typical of the harm suffered by other class members differing only in amount. Accordingly, the claims of Plaintiff are the same as those of the other class members. Resolution of these common questions will determine the liability of the Defendants to Plaintiff and the class members in general. Thus, the claims properly form the basis for class treatment in this case.

65.    Although the amount of damages between individual class members may vary, the underlying liability issues remain the same as between all members of the class and all Defendants.

66.    <u>Adequacy of Representation.</u> The represented parties will fairly and adequately assert and protect the interest of the class. Plaintiff has already demonstrated its willingness to pursue this litigation on their its own behalf, and has no known conflicts with the class members.

67.    Plaintiff's counsel will also fairly and adequately represent the interest of the class. Attorney Mark K. Wasvary is well versed in the facts and substantive law underlying the Plaintiff's claims and has previously been certified to represent

a class in multiple class actions in both State and Federal Court. Likewise, The Law Offices of Aaron D. Cox, PLLC is well versed in the facts and substantive law underlying the Plaintiff's claims and has been certified as class counsel in multiple class action lawsuits. Both Mark K. Wasvary and Aaron D. Cox have extensive experience in lawsuits against government entities involving constitutional issues.

68. This class action is maintainable under Federal Rule of Civil Procedure 23(b).

69. The maintenance of this action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

    a) The prosecution of separate actions by or against individual members of the class could create a risk of inconsistent or varying adjudications with respect to individual members of the class that would confront the party opposing the class with incompatible standards of conduct; and/or

    b) The prosecution of separate actions by or against individual members of the class would create a risk of adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

70. The party opposing the class has acted or refuses to act on grounds that apply generally to the class, so that final equitable, injunctive or corresponding declaratory and monetary relief is appropriate respecting the class as a whole. Specifically, Defendants have not and will not compensate the proposed class without court intervention.

71. The questions of law or fact common to class members predominate over any questions affecting only individual members, and as such a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

72. The action is and will be manageable as a class action and in fact more manageable than the prosecution of separate actions in various forums and venues.

73. In view of the complexity and importance of the constitutional issues and expense of the litigation, the separate claims of individual class members are insufficient in amount to support separate actions.

74. It is probable that the amount which may be recovered for individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action.

75. Plaintiff is aware of one lawsuit filed in this Court titled *The National Apartment Association, et al, vs The United States of America, case no. 21-cv-01621* with similar allegations. That matter is pending and does not purport to be a class

action.

76.     The class action is the appropriate method for the fair and efficient adjudication of the controversy. The legal and factual bases for the Plaintiffs' claims are the same as for the claims of all class members. The only difference between individual claims is the severity of the harm and resulting damages. Adjudicating this case on a class wide basis will promote substantial judicial economy by eliminating the likelihood of multiple cases (perhaps thousands) turning on the same questions of law and fact. The class action will also provide the Plaintiffs with the only meaningful avenue for relief, due to the economy of spreading their litigation costs, thereby reducing each individual's expenses over the class and enabling counsel to pursue the litigation by aggregating the claims. Further, the class action will save the Defendants the burden of defending multiple suits in multiple forums.

WHEREFORE, Plaintiff Megahomes, Meyn and Riley, on behalf themselves and others similarly situated request the following relief;

    A. That this action be determined to be maintained as a class action.

    B. That Plaintiff Megahomes, Meyn and Riley be appointed Class Representatives and their counsel be appointed as Class Counsel.

    C. An award of damages pursuant to 43 USC §1983, or on other grounds, including applicable interest, in an amount to be determined at trial;

D. An award of costs of this suit, including reasonable attorney fees, as provided by 42 USC §1988;

E. An award of an incentive fee to the named Plaintiffs for having the courage to challenge the unlawful CDC Order;

F. Such other and different relief as is just and equitable.

Respectfully submitted,

MARK K. WASVARY, P.C.

By:   /s/ Mark K. Wasvary
      Mark K. Wasvary, P.C.
      2401 W. Big Beaver Rd., Suite 100
      Troy, MI 48084
      (248) 649-5667

Dated:  August 6, 2021